## MILLER vs. HENNEN.

APPEAL from the parish court of the parish and city of New-Orleans.

PORTER, J. delivered the opinion of the court. The defendant is sued as endorser of a promissory note, and in addition to the usual allegations of regular protest and due notice, liability is charged on the ground, that shortly after the execution of the note, the defendant in order to secure himself against his responsibility as endorser, obtained from the maker a transfer or sale of a tract of land, to be void, in case the latter saved him harmless.

The general issue, and a plea that the plaintiff was not the owner of the note sued on, are the defence presented by the answer.

The evidence shows clearly there is no ground whatever for the latter objection. The first presents more difficulty.

The note is drawn in favor of a certain Joseph Orillon, with interest at ten per cent., and is made payable at the maker's "elected domicil, at the house of Alfred Hennen, in N. Orleans·"

The evidence showed a demand at the *office* of A. Hennen, which was in Royal-street, and that his dwelling *house*, was in another part of the city.

East'n. District.
*May* 1825.

MILLER
*vs.*
HENNEN.

If a note be made payable at the house of A. B. a demand at his dwelling house: or office is good.

The judge charged the jury, the demand was bad; but that the defendant was responsible in consequence of having taken security to save him from the effects of his endorsement. The verdict was in conformity with the charge. The defendant excepted to the latter, and has appealed from the judgement which affirmed the former.

The case presents three points for decision. First, whether the demand of payment was good.

Second. Whether due notice was given to the defendant. And, lastly, whether the drawer having given the appellant security to save him harmless from the effects of his endorsement, does not render him liable, although the note has not been regularly protested.

We think the demand was legally made. The note was payable at the house of the defendant, without designating whether it was his dwelling house, or the house where he kept his office. Under such circumstances we believe a demand at either good. The expression is indefinite, and the holder had certainly more reason to presume it was the house where Mr. Hennen generally was, and his business was transacted, than the private residence appropriated to the use of his family.

MILLER
*vs.*
HENNEN

The defendant was regularly notified of the failure of the maker to take up the note. The notary swears that the day after it was protested, he left written notice at the office of the appellant.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Carleton* for the plaintiff, *Hennen* for the defendant.